IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHUBB,** *as subrogee of Hunt Building Company, Ltd.* | § § § § | **PLAINTIFF** |
| **v.** | § § | Civil No. 1:18cv342-HSO-JCG |
| **ARK-LA-TEX COMPANIES, INC.,** *et al.* | § § § | **DEFENDANTS** |

## ORDER OF REMAND TO STATE COURT

This matter is before the Court sua sponte to consider its subject-matter

jurisdiction.    Having considered the record and relevant legal authority, the Court

is of the opinion that removing Defendant Heil Builders, Inc., has not carried its

burden of demonstrating that federal subject-matter jurisdiction exists over this

dispute.    This matter should be remanded to state court.

## I.    BACKGROUND

On September 14, 2018, Plaintiff Chubb, as subrogee of Hunt Building

Company, Ltd. ("Plaintiff" or "Chubb") filed a Complaint [1-1] in the Circuit Court of

Harrison County, Mississippi, Second Judicial District.    The Complaint advances

claims for contractual indemnity, breach of contract, and common law indemnity

against Defendants Ark-La-Tex Companies, Inc. ("Ark-La-Tex"), Heil Builders, Inc.

d/b/a Modu-Tech ("Heil Builders"), Unknown John and Jane Does A through M, and

Unknown Corporate Entities N through Z.    Compl. [1-1] at 3-4, 10-12.    Chubb

identified itself simply as "a foreign corporation." *Id*. at 1. On October 24, 2018, Heil Builders, Inc. removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal [1] at 1-4.

Because it was not clear from the record whether the Court possessed subject-matter jurisdiction, the Magistrate Judge entered an Order [12] on November 26, 2018, requiring Heil Builders to file a response by December 20, 2018, addressing this question. *See* Order [12] at 3. As the Magistrate Judge noted, neither the Complaint nor the Notice of Removal alleged Plaintiff's principal place of business. Heil Builders filed its Response [14] to the Magistrate Judge's Order [12] on December 19, 2018. Instead of remedying the deficiencies noted by the Magistrate Judge, Heil Builders stated that "Chubb Limited" was the parent of Plaintiff Chubb. *See* Resp. [14] at 2. Heil Builders attached a printout of a Chubb website entitled "About Chubb," which indicated that "Chubb is the world's largest publicly traded P&C insurance company and the largest commercial insurer in the U.S." Website [14-1] at 37. According to this Exhibit, "Chubb Limited, the parent company of Chubb, is listed on the New York Stock Exchange (NYSE: CB) and is a component of the S&P 500 index." *Id*.

After reviewing Heil Builders' Response [14], it remained unclear whether Chubb or Chubb Limited was the Plaintiff, and whether complete diversity of citizenship existed. On January 11, 2019, the Court entered an Order [15] requiring Heil Builders to show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. Heil Builders filed a Response

[19] on January 25, 2019, asserting that Plaintiff Chubb was in fact an entity called "Chubb Limited," and that diversity jurisdiction existed. *See* Resp. [19] at 3. Heil Builders alleged that Chubb Limited was a foreign corporation pursuant to the Swiss Code of Obligations with its nucleus of operations in Switzerland, such that Chubb Limited, and thus Plaintiff Chubb, is "a foreign citizen of the nation State of Switzerland." *Id.* at 4.

However, in light of the Complaint identifying "Chubb" as the Plaintiff, and in light of Heil Builder's earlier Response [14] and attachment indicating that "Chubb" and "Chubb Limited" were separate entities, *see* Website [14-1] at 37, the record remained unclear as to Plaintiff's legal name and in what corporate form it exists, and whether the real Plaintiff was "Chubb" or "Chubb Limited." For this reason, on February 4, 2019, the Court entered an Order [21] requiring Plaintiff Chubb to file a written response no later than February 15, 2019, identifying its corporate name and corporate form. Chubb filed a Response [25], stating that it had determined that the proper Plaintiff in this action is in fact Illinois Union Insurance Company ("Illinois Union"), and seeking to substitute Illinois Union as the party Plaintiff pursuant to Federal Rules of Civil Procedure 17(a)(3) and 21. *See* Resp. [25] at 1-4. Chubb did not, however, completely address the questions posed by the Court regarding its own corporate name and form. *See id.* Nor did Chubb provide its place of incorporation or principal place of business.

Chubb then filed a Motion [26] to Substitute Party pursuant to Federal Rules of Civil Procedure 17(a)(3) and 21, asking the Court to "enter an Order removing

3

Chubb as the Plaintiff from this lawsuit and substituting Illinois Union in its place." Mot. [26] at 4. Heil Builders has filed a Notice [28] of No Objection to Chubb's Motion [26] to Substitute parties. Before the Court can address any of the parties' pending Motions, however, it must first resolve the question of whether it possessed subject-matter jurisdiction at the outset and whether removal was proper.

## II. DISCUSSION

### A. Subject-matter jurisdiction

The Court has a continuing duty to examine its subject-matter jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). "Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 802 (5th Cir. 2011). The burden of establishing subject-matter jurisdiction rests upon the party asserting it, in this case Defendant Heil Builders. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

Heil Builders maintains that diversity jurisdiction exists under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States [or] citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)-(2).  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

"For cases removed from state court, jurisdiction must exist at the time of removal."  *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).  A federal court must presume that a suit lies outside its limited subject-matter jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.  *Settlement Funding, L.L.C.*, 851 F.3d at 537 (quotation omitted).  "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case," and a court must "adhere to these rules regardless of the costs it imposes."  *Id.* (quotation omitted).

B.    Substitution of parties

Whether subject-matter jurisdiction existed hinges on who is properly considered the Plaintiff in this action and that party's citizenship for diversity purposes.  The record remains unclear as to Plaintiff Chubb's legal name and in what corporate form it exists, and it is still unclear whether diversity jurisdiction existed at the time of removal.

Instead of completely addressing the questions posed by the Court in this regard, Chubb has now moved to substitute Illinois Union as Plaintiff.  *See* Mot. [26] at 1-4.  According to Chubb's Motion [26] to Substitute, "the applicable

insurance policy was issued on the paper of Chubb Limited subsidiary Illinois Union Insurance Company," and Illinois Union would be of diverse citizenship from the named Defendants. *Id.* at 2. However, the parties have not supplied the Court with any evidence to support the allegation that Illinois Central is the real party in interest. *But see* Assignment [1-1] at 66 (assignment from Hunt Yates, LLC, to Hunt Building Company, Ltd., where "Hunt Yates expressly authorizes Hunt Building, *and its insurer Chubb*, to pursue any and all claims Hunt Yates has or may have against Ark-la-Tex Companies, Modu-Tech, Heil Builders, Inc., and any and all of their parent companies, subsidiaries, and affiliates") (emphasis added).

In seeking to substitute Illinois Union as Plaintiff, Chubb cites Federal Rules of Civil Procedure 17(a)(3) and 21. Rule 17(a)(3) provides that

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). Under Rule 21,

> [m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

C. <u>Analysis</u>

Even assuming both Rules 17(a)(3) and 21 would apply to Plaintiff's Motion [26] to Substitute, these Rules speak in terms of the dismissal or continuation of an

action, not the existence of federal subject-matter jurisdiction at the time of removal from state court. Chubb cites authority from the United States District Courts for the District of Colorado, the Western District of Missouri, the Southern District of New York, and the District of Columbia to argue that substitution should be permitted, *see* Pl.'s Mot. [26] at 2-3,[1] but Plaintiff has not directed the Court to any controlling authority addressing this question, and it has not specifically addressed the issue of subject-matter jurisdiction. Moreover, the district court cases cited by Plaintiff considered issues such as the capacity to sue and the constitutional standing of the party bringing those lawsuits, not the question of whether diversity jurisdiction existed at the time of removal.

The United States Court of Appeals for the Fifth Circuit has held that "Rule 21 does not allow for substitution of parties to create jurisdiction." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006). "A plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists." 3 James Wm. Moore, et al., Moore's Federal Practice § 15.14[3].

No party has cited any controlling authority from the Fifth Circuit supporting the notion that subject-matter jurisdiction existed in this case at the time of removal. Nor has any party supplied the Court with sufficient competent evidence

---

[1] *See CPI Card Group, Inc. v. Multi Packaging Solutions, Inc.,* No. 16-CV-02536-MEH, 2018 WL 3429197 (D. Colo. July 16, 2018); *Consumers Ins. USA, Inc. v. James River Ins. Co.,* No. 12-03303-CV-S-JTM, 2012 WL 5196875 (W.D. Mo. Oct. 19, 2012); *Park B. Smith, Inc. v. CHF Indus. Inc.,* 811 F. Supp. 2d 766 (S.D.N.Y. 2011); *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz,* 793 F. Supp. 2d 311 (D.D.C. 2011).

demonstrating which entity (Chubb; Chubb, Limited; or Illinois Union) is the real party in interest with respect to the claims raised in the Complaint.[2]  Despite making more than one request for this information, it has not been disclosed.   The Court has instead been presented with varying, incomplete allegations in the pleadings as to the identity of the real party in interest and that party's citizenship.[3]

The removing party, Heil Builders, has not carried its burden of showing that subject-matter jurisdiction existed at the time of removal.   Remand is required.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned case is hereby **REMANDED** to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 4th day of April, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2]   According to the Complaint, Plaintiff Chubb insured Hunt Building Company, Ltd. for the construction project.   Compl. [1-1] at 1.   Plaintiff Chubb now claims that the relevant insurance policy "was issued on the paper of Chubb Limited subsidiary Illinois Union Insurance Company . . . ."   Resp. [25] at 2.   The Court has not been provided with a copy of the policy.
[3]   While Heil Builders filed a Notice [28] of No Objection to Plaintiff's Motion to Substitute, it does not address any jurisdictional issues.